UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jessica Demesa,

        Plaintiff

v.

Treasure Island, LLC,

        Defendant

Case No.: 2:18-cv-02007-JAD-CWH

**Order re: Motion to Dismiss**

[ECF Nos. 34, 51, 52]

      Jessica Demesa sues Treasure Island, LLC for allegedly violating the Telephone Consumer Protection Act (TCPA) by sending her a text message through its virtual concierge system called Ivy while she was a guest at its hotel and casino.[1] Treasure Island moves to dismiss Demesa's claims, and its lead argument is that the provision of the TCPA on which Demesa relies constitutes a content-based restriction on free speech that violates the First Amendment.[2] The government has intervened in this action to defend the constitutionality of the TCPA.[3]

      Whether the TCPA violates the First Amendment is the subject of *Gallion v. Charter Communications, Inc.*, a case on which the Ninth Circuit has heard argument and a decision is still pending. But a different Ninth Circuit panel issued a related decision last month in *Duguid*

---

[1] ECF No. 30.
[2] ECF No. 34 at 13.
[3] ECF No. 48.

*v. Facebook, Inc.*, holding that the debt-collection exception in the TCPA is unconstitutional but severable from the whole of TCPA.[4]

Apparently due to the *Duguid* decision, the parties have stipulated to allow Treasure Island to withdraw its First Amendment argument from its motion to dismiss.[5] But because so much briefing has transpired that involves the First Amendment argument, and this constitutional challenge is central to the current motion, the Court is not confident that its understanding of what points are being abandoned is the same as the parties' understanding. Nor is the record clear on the parties' current positions about whether a stay pending the *Gallion* decision is warranted in light of *Duguid*. The Court does not want to risk the possibility of ignoring arguments that the parties find still viable because it misunderstands the scope of the withdrawal. A clean re-briefing of the motion-to-dismiss and stay arguments is the most judicially economical way to ensure that the Court fully resolves all disputed issues.

Accordingly, IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss First Amended Complaint or, in the Alternative, for a Stay **[ECF No. 34] is DENIED without prejudice to defendant's filing of an amended motion by July 26, 2019**, that incorporates any remaining arguments and any developments in the relevant jurisprudence. Briefing will continue in accordance with Local Rule 7-2(b).

IT IS FURTHER ORDERED that the stipulation to withdraw the First Amendment argument or for a stay **[ECF Nos. 51, 52] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 16, 2019

---

[4] *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1157 (9th Cir. 2019).
[5] ECF No. 51.