# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Jessica Demesa,

    Plaintiff

v.

Treasure Island, LLC,

    Defendant

Case No.: 2:18-cv-02007-JAD-NJK

**Order Staying Action
Pending Other Court
Decision**

[ECF No. 54]

      Plaintiff Jessica Demesa sues the Treasure Island Hotel and Casino, alleging that it violated the Telephone Consumer Protection Act (TCPA) by sending her a text message through a "virtual concierge" system while she was a guest at the resort.  Treasure Island moved to dismiss the suit or stay it pending an anticipated ruling by the Federal Communications Commission (FCC) about the definition of Automatic Telephone Dialing System.[1]  Although the FCC issued a ruling on June 25, 2020, the parties have advised that it does not impact their positions, but a case on which the United States Supreme Court recently granted *certiorari* may.[2] In a joint status report, the parties jointly ask the court to "refrain from ruling" on the pending motion to dismiss until after the Supreme Court issues its ruling in *Facebook Inc. v. Duguid*, No. 19-511.[3]

      In light of the impact that the parties anticipate the *Duguid* case may have on this action and their shared belief that the issues raised in the motion to dismiss should not be decided until that opinion is issued, I construe this request as one to stay this case pending the *Duguid*

---

[1] ECF No. 54.

[2] ECF No. 70.

[3] *Id.* at 2.

decision.  A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[4]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[5] Based on the parties' joint representations, these factors weigh in favor of a stay.  With a potentially dispositive ruling on the High Court's docket, it makes judicially economical sense to conserve the parties' resources, stay this action, and delay a ruling on preliminary motions until both sides can have the opportunity to evaluate and brief the impact of that ruling on this case. Accordingly,

IT IS HEREBY ORDERED that **this action is STAYED for all purposes pending the United States Supreme Court's decision in *Facebook Inc. v. Duguid***, No. 19-511.  Once the *Duguid* decision is issued, any party may move to lift the stay.

IT IS FURTHER ORDERED that the Defendant's Amended Motion to Dismiss First Amended Complaint, or in the Alternative, for a Stay **[ECF No. 54] is DENIED without prejudice** to the filing of a renewed motion to dismiss within 10 days of an order lifting the stay.

Dated: July 29, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[5] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

2