UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica DeMesa, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>Treasure Island, LLC,<br><br>    Defendant | Case No.: 2:18-cv-02007-JAD-NJK<br><br>**Order Granting Motion to Dismiss and Denying Request for Judicial Notice**<br><br>[ECF Nos. 89, 98] |

    Jessica DeMesa brings this putative class action against Treasure Island, LLC, claiming that the hotel sent text messages to her and others without their consent in violation of the Telephone Consumer Protection Act's (TCPA) prohibitions against making calls using Automated Telephone Dialing Systems (autodialers) and artificial or prerecorded voices.[1] Treasure Island now moves to dismiss, arguing that DeMesa's claims fail for two reasons: (1) because DeMesa provided her phone number to the hotel, she cannot allege that Treasure Island "produce[d]" her number "using a random or sequential number generator," as required for autodialer liability under the TCPA;[2] and (2) text messages cannot have voices—artificial, prerecorded, or otherwise. Because I find that the hotel cannot be held liable for texting DeMesa under either the autodialer or artificial-voice provisions of the TCPA, I grant Treasure Island's motion to dismiss and close this case.

---

[1] ECF No. 81 (second-amended complaint).
[2] 47 U.S.C. § 227(a)(1).

**Background**[3]

Sometime before April 27, 2018, DeMesa used Treasure Island Hotel and Casino's online-reservation system to book a stay.[4] During that process, she "provided" her cell-phone number to the hotel.[5] "Approximately one hour" after she checked in, she received a single text message from Treasure Island's artificial-intelligence-based virtual concierge:

> Hi! I'm Ivy, your personal TEXT Help at Treasure Island. Txt me for things to do or reply BUFFET23 or LUCKY anytime. On a scale of 1-5 (5=best), how is your check in and room experience? Terms:[6]

After "Terms:" in the message was a link to a webpage that explained what Ivy was, what Ivy could do for Treasure Island guests, and how to opt out of messages from Ivy.[7] DeMesa alleges upon information and belief that other guests received the same or a substantially similar text message upon checking in to Treasure Island.[8]

**Discussion**

Federal pleading standards require plaintiffs to plead enough factual detail to "state a claim to relief that is plausible on its face."[9] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[10] plaintiffs must make direct or inferential factual

---

[3] This is merely a summary of facts alleged in the complaint and may not be construed as findings of fact.
[4] ECF No. 81 at ¶ 24.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 26.
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[11]  A complaint that fails to meet this standard must be dismissed.[12]

DeMesa's claim relies on two alternative theories of liability,[13] both of which Treasure Island argues are legally insufficient to state a claim for relief.[14]  She first alleges that the hotel violated the TCPA's proscription against using an autodialer to "make any call" to a cell-phone number.[15]  Under the statute, a text message is considered a "call,"[16] and an autodialer is any "equipment [that] has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[] and . . . to dial such numbers."[17]  Last year, in *Facebook, Inc. v. Duguid*, the Supreme Court held that to qualify as an autodialer, a system must "use a random or sequential number generator to either store or produce phone numbers to be called."[18]  Treasure Island argues that because DeMesa gave her number to the hotel, an

---

[11] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) ("Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor.").  I note, as Treasure Island did in its motion to dismiss, ECF No. 89 at 6 n.27, that it appears that DeMesa's counsel used a form TCPA complaint—one that often uses masculine pronouns to refer to an abstract "Plaintiff" and includes allegations about numerous spoofed or autodialed calls received, despite DeMesa's claim centering around only a single text message.  *See, e.g.*, ECF No. 81 at ¶ 45.  So to the extent that the complaint includes conclusory or form factual allegations irrelevant to DeMesa's claim, those "facts" are not well pled and I do not take them as true for purposes of the hotel's motion to dismiss.

[12] *Twombly*, 550 U.S. at 570.

[13] ECF No. 81 at ¶ 64.

[14] ECF No. 89.

[15] ECF No. 81 at ¶ 60.

[16] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009).

[17] 47 U.S.C. § 227(1).

[18] *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

3

autodialer couldn't have produced—or created—her phone number under the TCPA.[19] DeMesa counters that "produce" doesn't necessarily mean "create," arguing that her allegations that a system assigns an identifying sequentially generated number to a prepopulated list of existing phone numbers and then calls them are sufficient to state a claim under the statute.[20]

But that is a distinction without a difference. The *Duguid* plaintiff's TCPA claim was premised on the contention that Facebook's automatic-texting system was an autodialer because it "automatically dialed stored numbers."[21] In rejecting that argument, the Supreme Court held that a "system [that] neither stores nor produces numbers 'using a random or sequential number generator,' . . . is not an autodialer."[22] And the several district courts that have confronted the issue since *Duguid* have all reached the same conclusion: to state a claim under the autodialer provision of the TCPA, a plaintiff must allege that the random- or sequential-number generator generated the phone numbers that the autodialer called or stored to be called later.[23] A system

---

[19] ECF No. 89 at 5.

[20] *See* ECF No. 97 at 8–10.

[21] *Duguid*, 141 S. Ct. at 1168.

[22] *Id.*

[23] *See Timms v. USAA Fed. Sav. Bank*, 543 F. Supp. 3d 294, 301 (D.S.C. 2021) (finding that because "the 'preproduced list' in this case is not one that is 'sequentially generated and stored,'" a system that called those numbers cannot be an autodialer (quoting *Duguid*, 141 S. Ct. at 1172 n.7)); *Eggleston v. Reward Zone USA, LLC*, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022) ("Plaintiff's claim, which concerns a program that merely uses a number generator to generate and select index numbers, thus does not state a claim as a matter of law."); *Austria v. Alorica, Inc.*, 2021 WL 5968404, at *1 (C.D. Cal. Dec. 16, 2021) ("[A] system that selects phone numbers from a prepopulated list does not constitute an autodialer [if] the prepopulated list was not itself generated using a random or sequential number generator, even if the phone number selection process itself involves a random or sequential number generator."); *see also Cole v. Sierra Pac. Mortg. Co., Inc.*, 2021 WL 5919845, at *3 (N.D. Cal. Dec. 15, 2021); *Pascal v. Concentra, Inc.*, 2021 WL 5906055, at *9 (N.D. Cal. Dec. 14, 2021); *Court Camunas v. Nat'l Republican Senatorial Comm.*, 2021 WL 5143321, at *5 (E.D. Pa. Nov. 4, 2021); *Brickman v. Facebook, Inc.*, 2021 WL 4198512, at *1 (N.D. Cal. Sept. 15, 2021); *Tehrani v. Joie de Vivre Hosp., LLC*, 2021 WL 3886043, at *3 (N.D. Cal. Aug. 31, 2021); *Borden v. eFinancial, LLC*, 2021 WL 3602479, at *6 (W.D. Wash. Aug. 13, 2021); *Franco v. Alorica, Inc.*, 2021 WL

that calls a list of phone numbers created in "non-random, non-sequential way" would thus not suddenly become an autodialer if it merely indexed or called those numbers in a random or sequential way.[24]

District courts have relied on two portions of the *Duguid* decision to guide their analysis. The first is footnote seven, in which the Supreme Court elaborated that the TCPA prohibits calling from an autodialer that "use[s] a random number generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time."[25] The Court then cited to an amicus curiae brief that discussed an example system that used a random-number generator to determine the calling order of a list of phone numbers that were preproduced and stored by the number generator.[26] The second portion of the *Duguid* decision that district courts have focused on is the Court's resolution of the circuit split central to the case.[27] The Court rejected the approaches of the Second, Sixth, and Ninth Circuits (which had held that to qualify as an autodialer, a system need only store numbers and then dial them automatically) and impliedly approved of the Third, Seventh, and Eleventh Circuits' approaches (which had held that the system needs to "create" the phone numbers it calls or stores to be called later).[28] So district courts have reasoned that the Supreme Court

---

[23] 3812872, at *3 (C.D. Cal. July 27, 2021); *Hufnus v. DoNotPay, Inc.*, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021); cf. *Watts v. Emergency Twenty Four, Inc.*, 2021 WL 2529613, at *4 (N.D. Ill. June 21, 2021).

[24] *See Eggleston*, 2022 WL 886094, at *4; *Hufnus*, 2021 WL 2585488, at *1–2.

[25] *Duguid*, 141 S. Ct. at 1172 n.7.

[26] *Id.* (citing Brief for Professional Association for Customer Engagement, et al. as Amici Curiae at 19, *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021)).

[27] *Id.* at 1168 & n.4 (noting circuit split).

[28] *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1307–09 (11th Cir. 2020).

effectively rejected any argument that a system is an autodialer if it automatically calls a preproduced list of phone numbers.[29]

Because I find these courts' analyses persuasive, I adopt their reasoning. I also note that the facts of *Duguid* itself were markedly similar to the facts as DeMesa presents them in her complaint. In *Duguid*, Facebook set up a security system that automatically texted users who'd provided their phone numbers to the company when an attempt was made to access their account from an unrecognized device or browser.[30] In DeMesa's own retelling, she provided her number to Treasure Island, and the hotel automatically texted her about an hour after she checked in.[31] In *Duguid*, the Supreme Court held that the district court properly dismissed with prejudice the plaintiff's complaint because the system the plaintiff claimed was an autodialer had texted a phone number provided to the company, not one that was randomly or sequentially generated.[32] So too here. I thus find that Treasure Island cannot be held liable under the autodialer provision of the TCPA on these facts.

DeMesa's alternative theory of liability fares no better. She claims that the TCPA's prohibition against using an "artificial or prerecorded voice" bars the use of an automated texting service like Ivy.[33] Treasure Island contends that text messages don't have voices; no court has held that they do; and although the Ninth Circuit has included texts in the definition of the term "calls," it has continued to distinguish between "text calls" and "voice calls."[34] DeMesa

---

[29] *See, e.g., Tehrani*, 2021 WL 3886043, at *4.
[30] *Duguid*, 141 S. Ct. at 1168.
[31] ECF No. 81 at ¶¶ 24, 31.
[32] *Duguid*, 141 S. Ct. at 1168.
[33] ECF No. 81 at ¶¶ 33–38; *see* 47 U.S.C. § 227(b)(1)(A).
[34] ECF No. 89 at 10 (quoting *Satterfield*, 569 F.3d at 952); ECF No. 103 at 10–11 (referencing same).

provides no authority for her contention that a text message has a "voice," let alone an artificial or prerecorded one under the statute.[35] She instead argues only that dictionary definitions of the term "voice" include all "instrument[s] . . . of expression."[36] But the Ninth Circuit's differentiation between voice and text calls militates toward a narrower definition of "voice"—one that confirms that "voice" and "text" are mutually exclusive under the TCPA.[37] Treasure Island's texts to DeMesa thus cannot have had a voice as contemplated by the TCPA, so DeMesa's complaint must be dismissed in its entirety. And because she cannot allege any facts that could overcome the deficiencies in her theories of liability, amendment would be futile. Accordingly, I dismiss this case with prejudice.

## Conclusion

**IT IS THEREFORE ORDERED** that defendant Treasure Island, LLC's motion to dismiss **[ECF No. 89] is GRANTED**. Plaintiff Jessica DeMesa's request for judicial notice **[ECF No. 98] is DENIED** as unnecessary. This case is **DISMISSED with prejudice**. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
June 1, 2022

---

[35] ECF No. 81; ECF No. 97.
[36] ECF No. 97 at 15 (citation omitted).
[37] *Satterfield*, 569 F.3d at 952–54.